UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

VANESSA CARROLL                                              CIVIL ACTION

VERSUS                                                       NO. 15-687-JWD-RLB

CAROLYN COLVIN,
COMMISSIONER OF
THE SOCIAL SECURITY
ADMINISTRATION

### NOTICE

Please take note that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court for the Middle District of Louisiana.

Under 28 U.S.C. § 636(b)(1), you have **14 days** from receipt of this Notice to file written objections to the proposed findings of fact and conclusions of law in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on December 29, 2016.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **VANESSA CARROLL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-687-JWD-RLB** |
| **CAROLYN COLVIN,<br>COMMISSIONER OF<br>THE SOCIAL SECURITY<br>ADMINISTRATION** | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Vanessa Carroll (Plaintiff), seeks judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) pursuant to 42 U.S.C. § 405(g) denying Plaintiff's application for Supplemental Security Income Benefits under the Social Security Act. (R. Doc. 1). Having found all of the procedural prerequisites met (Tr. 1-4), the Court has properly reviewed Plaintiff's appeal. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 404.981 ("The Appeals Council's decision, or the decision of the administrative law judge if the request for review is denied, is binding unless you . . . file an action in Federal district court . . . ."). For the reasons given below, the Court **RECOMMENDS** that the decision of the Commissioner be **AFFIRMED** and Plaintiff's appeal be **DISMISSED with prejudice**.

I.     PROCEDURAL HISTORY

Plaintiff filed an application for supplemental security income alleging that she became disabled on June 1, 2012 because of congestive heart failure, anemia, asthma, high blood pressure, diabetes, past sexual abuse, bed-wetting, headaches, anxiety, nightmares, bad nerves

and depression. (Tr. 44-45).  Plaintiff's application was eventually denied by an Administrative Law Judge (ALJ), who first held an administrative hearing (Tr. 24-42) before issuing an unfavorable decision on September 25, 2014. (Tr. 13-20).  Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on September 11, 2015. (Tr. 1-4).  The ALJ's decision rested as the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. *See* 20 C.F.R. § 404.981.

## II.     STANDARD OF REVIEW

This Court's review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Substantial evidence has been defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. of N.Y. v. N.L.R.B.*, 305 U.S. 197, 229 (1938) (defining "substantial evidence" in the context of the National Labor Relations Act, 29 U.S.C. § 160(e)).  The Fifth Circuit has further held that substantial evidence "must do more than create a suspicion of the existence of the fact to be established, but no substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983) (quotations omitted).  Conflicts in the evidence are for the Commissioner "and not the courts to resolve." *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court may not reweigh the evidence, try the case de novo, or substitute its own judgment for that of the Commissioner even if it finds that the evidence preponderates against the Commissioner's decision. *See, e.g.,*

*Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994) ("This is so because substantial evidence is less than a preponderance but more than a scintilla."); *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988) ("we must carefully scrutinize the record to determine if, in fact, such evidence is present; at the same time, however, we may neither reweigh the evidence in the record nor substitute our judgment for the Secretary's"); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988) (same).

If the Commissioner's decision is supported by substantial evidence, then it is conclusive and must be upheld. *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000). If the Commissioner fails to apply the correct legal standards, or fails to provide a reviewing court with a sufficient basis to determine that the correct legal principles were followed, it is grounds for reversal. *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987).

## III.  ALJ'S DETERMINATION

In determining disability, the Commissioner (through an ALJ) works through a five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520(a)(4). The burden rests upon the claimant throughout the first four steps of this five-step process to prove disability. If the claimant is successful in sustaining his or her burden at each of the first four steps, the burden shifts to the Commissioner at step five. *See Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991) (explaining the five-step process). First, the claimant must prove he is not currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). Second, the claimant must prove his or her impairment is "severe" in that it "significantly limits your physical or mental ability to do basic work activities . . . ." 20 C.F.R. § 404.1520(c). At step three the ALJ must conclude the claimant is disabled if he proves that his or her impairments meet or are medically equivalent to one of the impairments contained in the Listing of Impairments. *See* 20 C.F.R. § 404.1520(d) (step three of

sequential process); 20 C.F.R. pt. 404, subpt. P, app'x 1 (Listing of Impairments).  Fourth, the claimant bears the burden of proving he is incapable of meeting the physical and mental demands of his or her past relevant work.  20 C.F.R. § 404.1520(f).

If the claimant is successful at all four of the preceding steps then the burden shifts to the Commissioner to prove, considering the claimant's residual functional capacity, age, education and past work experience, that he or she is capable of performing other work.  20 C.F.R § 404.1520(g)(1).  If the Commissioner proves other work exists which the claimant can perform, the claimant is given the chance to prove that he or she cannot, in fact, perform that work.  *Muse*, 925 F.2d at 789.

Here, the ALJ made the following determinations:

1. Plaintiff had not engaged in substantial gainful activity since June 4, 2013, the application date.

2. Plaintiff suffered from the following severe impairments: congestive hypertensive heart failure, hypertension, diabetes mellitus and obesity.

3. Plaintiff did not meet or medically equal any listed impairment.

4. Plaintiff retained the residual functional capacity (RFC) to perform the full range of light work.

5. Plaintiff had no past relevant work.

6. Plaintiff was considered a younger individual.

7. Plaintiff had a high school education and was able to communicate in English.

8. The transferability of job skills was not material to the ultimate determination.

9. Considering Plaintiff's age, education, work experience and RFC, there existed a significant number of jobs in the national economy that Plaintiff could perform.

(Tr. 15-20).

## IV.     DISCUSSION

### A.     Disability, Date Last Insured and Closed Period of Disability

Plaintiff's first assignment of error is confusing, conclusory and somewhat inconsistent. Essentially, Plaintiff argues that she was disabled prior to her application date and her date last insured and that the ALJ erred in failing to recognize her disability. However, Plaintiff applied only for supplemental security income, and not disability insurance benefits. Therefore, the ALJ did not consider her condition prior to her 'date last insured,' as that date is only relevant to an application for disability insurance benefits. Moreover, Plaintiff does not cite to a single piece of record evidence in arguing she is disabled. Instead, she simply reiterates the same conclusory statement: She is disabled and the ALJ should have found in her favor.

To be clear, Plaintiff does not challenge any specific aspect of the ALJ's unfavorable determination. She likewise does not cite to any evidence that might cast doubt on the existence of substantial evidence. Ultimately, Plaintiff's lack of effort is insufficient to warrant remand or even allow for meaningful judicial review.

Plaintiff goes on to suggest that "she was disabled for a period of time and therefore entitled to a closed period of benefits," while simultaneously arguing that her condition became disabling prior to her application date and has only deteriorated since that time. (R. Doc. 9 at 1, 3). Other than a single, conclusory sentence, Plaintiff advances no argument in favor of her contention that she is entitled to a closed period of benefits. No period is identified by Plaintiff in her briefing before either this Court or the Social Security Administration. Therefore, this issue is deemed abandoned. *James v. Comm'r of Soc. Sec.*, 2013 WL 5205409, at *7 (W.D. La. Sept. 12, 2013).

Beyond that, seeking a closed period of disability is entirely inconsistent with the remainder of Plaintiff's argument — that she was disabled prior to her application date and that her disabling conditions have not only persisted, but worsened. Under Title XVI (Supplemental Security Income), a closed period of disability requires, among other things, a showing of medical improvement (of a once disabling condition) prior to the date of adjudication. *See Waters v. Barnhart*, 276 F.3d 716, 719 (5th Cir. 2002). Plaintiff does not argue that her condition was previously disabling, but improved enough to permit gainful employment before the ALJ issued a decision. To the contrary, she "requests a remand to the Secretary for consideration [and] evaluation of [her] deteriorating condition," which has persisted since the time of filing. (R. Doc. 9 at 1). As such, Plaintiff is not entitled to a closed period of disability and remand is not warranted.

B.   **Ability to Sustain Employment**

Plaintiff argues that the ALJ erred in failing to find her disabled as she is unable to sustain employment on a day-to-day basis. (R. Doc. 9 at 5). Plaintiff advances this argument in the same conclusory manner and without citing to a single piece of evidence or identifying any limitation that would prevent her from sustaining employment. (R. Doc. 9 at 5-6). The ALJ's well-reasoned decision found Plaintiff capable of performing the full range of light work. Again, Plaintiff has not cited to a single piece of record evidence that would cast doubt on the RFC finding or even directly challenged the RFC.

Moreover, there is no blanket requirement that an ALJ make a separate finding regarding a claimant's ability to sustain employment in all cases. *See Perez v. Barnhart*, 415 F.3d 457, 465 (5th Cir. 2005). Rather, that separate finding is only required where a claimant's ailment, "by its very nature . . . waxes and wanes in its manifestation of disabling symptoms." *Id.* Plaintiff has

not raised any similar allegations here.  Therefore, as in all cases lacking an allegation of waxing and waning symptoms, the "claimant's ability to maintain employment is subsumed in the RFC determination." *Id.*  The same is true even where a claimant alleges that he or she suffers from both good days and bad days. *Id.*  Here, the ALJ found Plaintiff capable of performing the full range of light work and subsumed in that finding is Plaintiff's ability to sustain employment.  As such, the Court finds no error on the part of the ALJ and remand is not warranted.

### C.  Weight Given to Treating Physicians' Opinions

Plaintiff suggests that the ALJ was required to give controlling weight to all of Plaintiff's treating physicians. (R. Doc. 9 at 6).  Plaintiff then submits that because the ALJ "did not give the proper weight to the findings of claimant's treating physicians, [the ALJ] thus did not render a proper decision as to disability." (R. Doc. 9 at 6).  Plaintiff's argument concludes: "There is not conflicting medical evidence of record."

Plaintiff does not name or otherwise identify any of her treating physicians whose opinions were allegedly not given enough weight by the ALJ.  Indeed, the ALJ noted that the record does not contain opinion evidence from any treating sources. (Tr. 19).  Plaintiff does not cite to a single piece of evidence or part of the record that might cast doubt on the ALJ's ultimate finding, nor does she identify any particular weight given by the ALJ to any treating source for which she takes issue.  To the extent Plaintiff argues the ALJ was required to fully adopt the opinion of some treating physician solely based on his or her status as a treating physician, that argument is contrary to law. *Bradly v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987) (ALJ may reject a treating physician's opinion where the evidence supports a contrary conclusion). Without more, the Court cannot find any error in the ALJ's weighing of the medical evidence.

**D.     Credibility**

Plaintiff next argues that "if the ALJ would have considered her testimony in its true light, would have considered it credible . . . she would have prevailed in this matter." (R. Doc. 9 at 7) (Plaintiff explains that she testified about her limited ability to sit, stand, walk, lift, see, remember and complete tasks.). Plaintiff also summarily claims that "that the ALJ did not give any credence to . . . her testimony regarding her daily activities" and that "[h]ad he done so, it is clear that [she] would have prevailed in this matter." (R. Doc. 9 at 8). But the same is true for any claimant filing an application for benefits and such conclusory arguments do not warrant relief.

Beyond that, Plaintiff argues that her testimony was automatically entitled to "substantial credibility" simply because "she has worked for a long period of time." (R. Doc. 9 at 7). As support for this proposition, Plaintiff relies on two non-controlling cases—*Walker v. Sullivan*, 1991 WL 125172, at *4-5 (E.D. Pa. June 28, 1991) ("[P]laintiff has a long and continuous work history, in addition to a history of returning to work after injury. On this basis, the ALJ should have given plaintiff's testimony far more deference."), and *Trew v. Shalala*, 861 F. Supp. 860, 869 (D. Neb. 1994).

However, Plaintiff's counsel has presented the same credibility argument to the Western District of Louisiana on multiple occasions. And on every occasion, the Western District has explained that "this argument lacks merit" as neither case is binding on the Fifth Circuit, which "has not adopted the rule of law cited by plaintiff." *Slack v. Comm'r of Soc. Sec.*, 2016 WL 5416819, at * (W.D. La. Aug. 23, 2016) (rejecting the same credibility argument by Plaintiff's attorney as based on a rule of law not adopted by the Fifth Circuit), *report and recommendation adopted*, 2016 WL 5477975 (W.D. La. Sept. 28, 2016); *James v. Comm'r of Soc. Sec. Admin.*,

2013 WL 5205409, at *8 (W.D. La. Sept. 12, 2013) (same); *Lorah v. Comm'r of Soc. Sec.*, 2015 WL 4395351, at *7 (W.D. La. July 16, 2015) (same).  This Court agrees.

While a claimant's work history is one of many factors to consider in assessing credibility, 20 C.F.R. § 404.1529(c)(3), it does not, on its own, warrant affording "substantial credibility" to a claimant's testimony, as Plaintiff argues.  Moreover, Plaintiff does not have a long and consistent work history like the claimants in *Walker* and *Trew*.  The ALJ, in fact, found that Plaintiff did not have any past relevant work experience based on her employment history, which included only 5 part-time jobs since 2005, 4 of which she performed for 5 months or less. (Tr. 19, 116).  Therefore, the ALJ did not err in failing to afford substantial credibility to Plaintiff's testimony based solely on her work history.

Plaintiff additionally suggests that it was "appealable error" for the ALJ to discount her credibility where none of her treating physicians "expressed any doubt about the claimant's pain complaints or accused him [sic] of malingering." (R. Doc. 9 at 8).  Plaintiff relies on out-of-circuit opinions as support for this proposition. *See Sand v. Shalala*, 820 F. Supp. 1299, 1308 (D. Kan. 1993); *Felisky v. Bowen*, 35 F.3d 1027, 1040 (6th Cir. 1994).

Again, Plaintiff's attorney has asserted the exact same argument at before the Western District, which likewise rejected it as inconsistent with Fifth Circuit precedent. *See Slack*, 2016 WL 5416819, at *8 (claimant's argument "lacks merit" and relies on cases outside of this Circuit); *Lorah*, 2015 WL 4395351, at *9 (same).  This Court agrees with the Western District. Here, even if none of Plaintiff's physicians questioned her credibility, this alone would not constitute reversible error, as Plaintiff suggests.

An ALJ's credibility determination is generally entitled to great deference. *See Newton v. Apfel*, 209 F.3d 448, 459 (5th Cir. 2000).  Here, Plaintiff has not cited to a single piece of

evidence that might contradict the ALJ's finding or otherwise made any effort to demonstrate that the ALJ's credibility determination was not supported by substantial evidence. As such, the Court finds the ALJ did not err in assessing Plaintiff's credibility.

### E. Weight Given to Medical Expert and Disability Determinations Services

Plaintiff next argues that the ALJ erred in giving great weight to the opinion of Dr. George Smith, the testifying medical expert, as "it is clear that he was predisposed to discounting subjective complaints and medications [sic] side effects." (R. Doc. 9 at 8). Plaintiff is correct that the ALJ gave great weight to Dr. Smith's opinion as it was consistent with the record evidence and was the only medical opinion found in the record. (Tr. 19). However, Plaintiff offers no explanation for her assumption that Dr. Smith was "predisposed" to bias. She does not point to any testimony given by Dr. Smith in support of her claim or otherwise point to evidence that might raise doubts about the integrity of Dr. Smith's opinion. Simply put, Plaintiff's conclusory arguments are insufficient to warrant relief.

Next Plaintiff suggests the ALJ "gave improper weight to the [light] RFC determination by an individual affiliated with Disability Determination Services" who, as the "ALJ clearly acknowledged, . . . is not a medical doctor." (R. Doc. 9 at 9). According to Plaintiff, "the ALJ states that he is not giving any weight to this RFC," but "his decision clearly implies that he did just that." (R. Doc. 9 at 9). Plaintiff cites to nothing in the record to support this conclusory assumption. The Court has reviewed the ALJ's decision and finds Plaintiff's assumption to be unsubstantiated.

In his decision, the ALJ refused to assign any weight to the RFC assessment made at the initial level by the "single decision maker affiliated with Disability Determination Services, and not a medical doctor," as it was "an administrative finding and not a medical opinion." (Tr. 19).

The ALJ went on to acknowledge that both he and the single decision maker had reached the same conclusion regarding Plaintiff's RFC, but clarified that: "Any similarities between the opinion of the single decision maker and the residual functional capacity established in this decision arise solely from the consistency of the evidence and not on any reliance by the undersigned on the opinion of the single decision maker." (Tr. 19).  Without anything more than Plaintiff's conclusory assumption, the Court will not question the ALJ's integrity.

### F. Vocational Expert Testimony

Finally, Plaintiff argues that the ALJ erred at Step 5 by failing to elicit testimony from the Vocational Expert (VE) during the hearing.  More specifically: "[Plaintiff] submits that . . . she is unable to engage in substantial gainful activities on a day to day basis . . . [and] [n]o vocational testimony was aduced at trial to contradict this." (R. Doc. 9 at 9).

The ALJ found Plaintiff capable of performing a full range of light work without any additional non-exertional restrictions — a finding which Plaintiff does not directly challenge. (Tr. 16).  "[W]hen a claimant suffers only from exertional impairments, or that the claimant's nonexertional impairments do not significantly affect his residual functional capacity," as is the case here, testimony from a vocational expert is not required at Step 5 and the ALJ may instead rely solely on the Medical Vocational Guidelines. *Crowley v. Apfel*, 197 F.3d 194, 199 (5th Cir. 1999).  Because the ALJ found Plaintiff capable of performing the full range of light work — i.e., the occupational base for light work was not eroded by non-exertional limitations — the ALJ acted appropriately in not calling the VE to testify and relying solely on the Medical Vocational Guidelines at Step Five.  Therefore, Plaintiff's assignment of error lacks merit.

## V.     CONCLUSION

For the reasons given above, the Court **RECOMMENDS** that the Commissioner's decision be **AFFIRMED** and that Plaintiff's appeal be **DISMISSED with prejudice**.

Signed in Baton Rouge, Louisiana, on December 29, 2016.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**